TROWBRIDGE and another vs. MATTHEWS, impleaded, etc.

*Estoppel in pais.*

Where plaintiffs had furnished machinery to a mill, and acquired a lien for the price upon the interest which one J. had in the mill under a contract of sale, if they represented to M., who had purchased J.'s interest, that the latter owed them little or nothing for said machinery and thus induced M. to pay over to J. the balance of the purchase money (exceeding the amount of their claim), they would be estopped from enforcing their lien as against M.; and it was error to reject evidence tending to show those facts.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant *Matthews* appealed from a judgment against himself and his co-defendant Jackson. The case is stated in the opinion, so far as is necessary to explain the decision of this court.

*Gillett, Pier & Bass*, for appellant. [No brief.]

*Knowles & Babcock*, for respondents, contended, upon the evidence, that the representations alleged to have been made by one of the plaintiffs to *Matthews*, upon which the latter claimed an estoppel, were made in fact *after Matthews* had not only become both legal and equitable owner of the mill property on which a lien is here sought to be enforced, but had also paid all that was going to Jackson; and such representations could not, therefore, operate as an estoppel. 6 Pick., 455; 3 Hill, 225; Hill & D. Supp., 90; 4 E. D. Smith, 296; 10 N. Y., 402.

[The other questions argued by counsel are not passed upon by the court.]

LYON, J.   The plaintiffs constructed, and placed in a mill, erected and occupied by the defendant Jackson, a steam engine, boiler, and perhaps some other machinery, to be used in propelling such mill.  Jackson held the mill property at that time under a contract with the owner for the purchase thereof, and the plaintiffs performed such work under a contract therefor with Jackson.  After such work was completed, the defendant *Matthews* purchased Jackson's interest in the mill property, and took a conveyance thereof from the original owner.

The plaintiffs filed their petition for a lien pursuant to chapter 153, R. S., and the amendatory acts; and this action was brought to enforce such lien for the unpaid balance due them from Jackson on account of such work, upon the interest which Jackson had in the mill property when the work was performed.   The defendant Jackson made default to such action, but the defendant *Matthews* answered, among other things, that while negotiating with Jackson for the purchase of the mill, and before making any payment to him thereon, and after the demand of the plaintiffs in the action had fully accrued, the plaintiffs, with a fraudulent intent to injure *Matthews*, represented to him that Jackson was not indebted to them, or, at most, only a few dollars; and that relying upon such representation he immediately completed the purchase of the property, and paid Jackson the unpaid purchase money therefor, amounting to between four thousand and five thousand dollars, which, but for the aforesaid representation made by the plaintiffs, he would not have done.

From a judgment for the plaintiffs enforcing a lien upon Jackson's former interest in the mill property, the defendant *Matthews* has taken an appeal.

On the trial of the action (which was by a jury), testimony was offered at different stages of the trial, and in a variety of forms, tending to prove the allegations in the answer above stated; but the same was repeatedly objected to by the plaintiff, and such objections were uniformly sustained by the court.

Those allegations of the answer, if true, are a complete defense to the action so far as *Matthews* is concerned. If the plaintiffs made such representation to *Matthews* at the time and under the circumstances therein stated, they are estopped to assert the contrary as against him, after he has purchased the mill property and paid therefor a large amount of money on the faith thereof.

The offered testimony should have been received, and its rejection by the circuit court was clearly an error which is fatal to the judgment. We are entirely unable to comprehend upon what principle the objections thereto, and the ruling of the court sustaining the same, were predicated.

We have not overlooked the fact that considerable testimony was given on the trial tending to prove these allegations of the answer. But it is perfectly obvious that the appellant has not had a full opportunity to investigate the same before the jury. Only such testimony was received relating to the defense of estoppel as the plaintiffs chose to allow. We cannot say that the appellant was permitted to give to the jury the whole of the conversation which he had with the plaintiff *Horace Trowbridge*, relative to Jackson's indebtedness to the plaintiffs. To the question put to the appellant in his own behalf, when on the stand as a witness, " State the whole of the conversation between you and *Trowbridge* at the mill," an objection by plaintiff was sustained. And yet the testimony which was received tended to show that this was one of the conversations in which it is alleged the plaintiffs told the appellant that Jackson owed them but little or nothing, and that at the time of such conversation the appellant had in his hands three thousand or four thousand dollars of the purchase money of the mill property, which he afterwards paid to Jackson.

It is unnecessary to consider the other questions discussed in the argument.

*By the Court.*— The judgment of the circuit court is reversed, and a *venire de novo* awarded.